LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
EMILY C. WECHT (State Bar #240106)
**ATTORNEYS FOR PLAINTIFF**

ORIGINAL FILED

FEB 29 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVINE JEROME,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES NATIONAL PARK SERVICE, and GOLDEN GATE NATIONAL RECREATION AREA.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>[Personal Injury – Negligence] |

Plaintiff complains of the defendants, and each of them, and alleges as follows:

## JURISDICTION

1.      Subject matter jurisdiction against defendants the United States Department of the Interior, the United States National Park Service, and Golden Gate National Recreation Area is premised upon United States Constitution, Article III, Section 2, Subdivision 2, as well as Title 28 United States Code § 1346(b) (the Federal Tort Claims Act).

2.      Pursuant to the applicable provisions of the Federal Tort Claims Act, within two years of the accrual of the within cause of action and prior to filing this complaint, plaintiff caused written claims to be presented and lodged with defendants United States Department of the Interior, United States National Park Service, and Golden Gate National Recreation Area setting

---

COMPLAINT FOR DAMAGES - CASE NO.

1  forth the events and circumstances complained of herein. Said claims were presented on or about
2  August 16, 2007 and August 28, 2007. On February 16, 2008 and February 28, 2008, the claims
3  were rejected by operation of law.

### VENUE

3. This is the proper court for the commencement of this action, as plaintiff resides within the jurisdictional boundaries of the Northern District of California. (28 U.S.C. § 1402 (a)(1)). As a second basis for venue, all relevant acts or omissions occurred within this district. (28 U.S.C. § 1402 (b)).

### PARTIES

4. Plaintiff Sylvine Jerome is and at all relevant times was a natural person residing in the City and County of San Francisco, State of California.

5. Defendants United States Department of the Interior, United States National Park Service, and Golden Gate National Recreation Area are and at all relevant times were federal executive agencies or departments as described in detail at Title 43 United States Code § 1451, *et seq.* and Title 16 United States Code § 1 *et seq.* At all times relevant times herein, plaintiff is informed and believes that the United States Department of the Interior, United States National Park Service, and/or the Golden Gate National Recreation Area owned a certain Chevrolet Silverado Fire Truck, license plate number G G512294B 5, hereinafter "Fire Truck."

6. At all times herein mentioned, Kevin Eugene Day was an agent or employee of defendant the United States Department of the Interior, the United States National Park Service and/or Golden Gate National Recreation Area and acting within the course and scope of his employment.

7. At all times herein mentioned, each and every of the defendants herein was the agent, servant, employee, joint venturer, partner and franchisee, each of the other, and each was acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES - CASE NO.

## FIRST CAUSE OF ACTION

### [Negligence]

Comes now plaintiff and for a First Cause of Action alleges as follows:

8. On or about August 31, 2005, at or about 1:20 p.m. of said day, Kevin Eugene Day, operated the aforementioned Fire Truck in a westbound direction on Armistead Road near the intersection with Lincoln Boulevard in the Golden Gate National Recreation Area in the City and County of San Francisco, State of California.

9. At said time and place, plaintiff Sylvine Jerome was traveling on a Vitus bicycle in an eastbound direction on Lincoln Boulevard, at or near its intersection with Armistead Road.

10. At said time and place, Kevin Eugene Day so carelessly and negligently, drove and operated the aforementioned Fire Truck as to cause a collision between the Fire Truck and plaintiff, thereby legally causing plaintiff Sylvine Jerome to suffer and sustain injuries and damages as hereinafter set forth.

11. As a direct and legal result of the negligence of Kevin Eugene Day, plaintiff sustained injuries, which included, but were not limited to facial abrasions and lacerations requiring plastic surgery, dental injuries requiring reconstructive work, injury to her left wrist, and other injuries presently undiagnosed. Plaintiff is informed and believes and therefore alleges that certain of said injuries will be permanent in nature.

12. By reason of the premises, it became necessary for plaintiff to incur expenses for medical care and treatment, and related costs and expenses required in the care and treatment of said injuries, and plaintiff's damage in this respect is presently unascertained as said services are still continuing and plaintiff prays leave to insert his elements of damage in this respect when the same are finally determined.

13. By reason of the premises, plaintiff has been unable at times to follow her regular employment to her special damage in a presently unascertained sum as said loss is still continuing, and has sustained a loss of earning capacity, and plaintiff prays leave to amend this complaint to insert her losses in this respect when the same are finally determined.

14. By reason of the premises, plaintiff Sylvine Jerome has been generally damaged in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES - CASE NO.

1  excess of $75,000 according to proof at the time of trial.

2  WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as
3  follows:

4  A. For general damages according to proof;

5  B. For special damages according to proof;

6  C. For costs of this suit;

7  D. For pre-judgment interest;

8  E. For such other and further relief that the Court deems proper.

Dated: February 29, 2008

WALKUP, MELODIA, KELLY & SCHOENBERGER

*[signature]*
EMILY C. WECHT
Attorneys for Plaintiff

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES - CASE NO.