Michael A. Kelly (SBN 71460)
Emily C. Wecht (SBN 240106)
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
Facsimile: (415) 391-6965 E-mail: ewecht@walkuplawoffice.com

Attorneys for Plaintiff Sylvine Jerome

JOSEPH P. RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: (415) 436-7181
Facsimile: (415) 436-6748
Email: victoria.carradero@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SYLVINE JEROME,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES NATIONAL PARK SERVICE, and GOLDEN GATE NATIONAL RECREATIONAL AREA,

    Defendants.

Case No. C 08-01233 VRW

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT

**SETTLEMENT AGREEMENT**

    Plaintiff Sylvine Jerome ("Plaintiff") and Defendants United States Department of the Interior, United States National Park, and Golden Gate Recreational Area (collectively "United States of America") hereby enter into this Settlement Agreement (the "Agreement"), as follows:

    1.    The parties hereby agree to settle and compromise *Sylvine Jerome v. United States Department of the Interior, United States National Park Service, and Golden Gate Recreational*

*Area*, United States District Court for the Northern District of California, Case Number C 08-01233 VRW (the "Lawsuit"), under the terms and conditions set forth herein.

2. The United States of America agrees to pay Plaintiff the sum of Forty-Three-Thousand-Five-Hundred-Dollars ($43,500) (the "Settlement Amount") in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit, including any claims for negligence, wrongful death, loss of consortium, for which Plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, or employees.

3. Plaintiff and her heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, or employees on account of the same subject matter that gave rise to the Lawsuit, including any future claim for negligence or wrongful death. Plaintiff and her heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her heirs, executors, administrators, or assigns against any third party or against the United States of America arising out of the same subject matter giving rise to the Lawsuit, including claims for negligence or wrongful death.

4. This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees and is entered into by and between the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

SETTLEMENT AGREEMENT AND PROPOSED ORDER APPROVING SETTLEMENT,
C 08-01233 VRW

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

6. The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

7. It is also understood by Plaintiff that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by an electronic funds transfer to the client trust account for Sylvine Jerome care of Walkup, Melodia, Kelly & Schoenberger. Plaintiff's counsel will provide the details of the client trust account under separate cover which shall not be filed with the Court.

9. In consideration of payment of the Settlement Amount and this Agreement, Plaintiff agrees that she will immediately upon execution of this Agreement execute a Stipulation for Dismissal with Prejudice, which stipulation shall dismiss with prejudice all claims asserted in the Lawsuit. The fully-executed Stipulation for Dismissal with Prejudice will be delivered to Defendant's counsel within five (5) calendar days of execution of this Agreement. The fully-executed Stipulation for Dismissal with Prejudice will be held by Defendant's counsel and will be filed with the Court upon electronic transfer of the Settlement Amount to Plaintiff's counsel's client trust account.

10. Plaintiff has been informed that payment of the Settlement Amount may take at least sixty (60) days or more to process, but Defendant agrees to make good faith efforts to expeditiously process the payment. Defense counsel agreed to inquire, and has inquired, as to the ability, if any, for expediting payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the

SETTLEMENT AGREEMENT AND PROPOSED ORDER APPROVING SETTLEMENT,
C 08-01233 VRW

settlement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

12. In consideration of payment of the Settlement Amount and this Agreement, Plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the Complaint in the Lawsuit.

13. California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff, having had the opportunity to discuss California Civil Code Section 1542 with her counsel, and fully understanding the same, nevertheless waives the benefits of any and all rights she may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning her injuries and the liability of the Defendant, its agents, servants, or employees for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

14. Each party acknowledges that it has been represented by and has relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that it has had the contents of this Stipulation and Agreement fully explained by counsel and that it is fully aware of and understands all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement.

15. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement

SETTLEMENT AGREEMENT AND PROPOSED ORDER APPROVING SETTLEMENT,
C 08-01233 VRW

between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranty or representation has been made on any subject other than as set forth in this Stipulation and Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: 10/27/08

SYLVINE JEROME
Plaintiff

Dated: 10/24/08

WALKUP, MELODIA, KELLY & SCHOENBERGER

EMILY C. WECHT
Attorneys for Plaintiff

Dated: 11/6/08

JOSEPH P. RUSSONIELLO
United States Attorney

Victoria R. Carradero
Assistant United States Attorney
Attorneys for Defendants

[PROPOSED] ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED.

Dated: 11/7/2008

CHIEF JUDGE VAUGHN R. WALKER
United States District

IT IS SO ORDERED
Judge Vaughn R Walker

SETTLEMENT AGREEMENT AND PROPOSED ORDER APPROVING
C 08-01233 VRW